In the Matter of JOHN M. SKEVIN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 30, 1990

### APPEARANCES OF COUNSEL

*Robert H. Straus* for petitioner.

### OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of New Jersey dated Novem-

ber 14, 1986, the respondent was disbarred in the State of New Jersey based, *inter alia,* upon his reimbursing himself for fees and costs by withdrawing funds from his attorney trust account, before settlement proceeds were received. The Supreme Court of New Jersey noted: "The time periods were sometimes substantial, as long as months between the advance to himself and the receipt of the settlement checks. The amounts were also substantial, ranging from hundreds of dollars to thousands".

22 NYCRR 691.3 (c) provides that an attorney can be disciplined in the State of New York based upon discipline imposed in another jurisdiction and that the attorney may raise any of three enumerated defenses to the imposition of discipline in the State of New York. These defenses are as follows: "(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or (2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding of the court in the foreign jurisdiction as to the attorney's misconduct; or (3) that the imposition of discipline by this court would be unjust".

A hearing was held and the Special Referee rendered his report wherein he found none of these defenses sustainable.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent at the hearing of this matter. Nevertheless, the respondent was disbarred in New Jersey based upon serious professional misconduct and accordingly is disbarred forthwith.

MANGANO, J. P., THOMPSON, BRACKEN, BROWN and KUNZEMAN, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent John M. Skevin is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this court's

rules governing the conduct of disbarred, suspended and re-signed attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent John M. Skevin is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.